## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TOMMY LEE JOHNSON | : | |
| Plaintiff | : | |
| v | : | Civil Action No. AW-05-1362 |
| STATE OF MARYLAND | : | |
| Defendant | : | |

. . . .o0o. . . .

### **MEMORANDUM**

The above captioned civil rights action, filed on May 17, 2005, alleges that Plaintiff is illegally incarcerated.  Paper No. 1.  Specifically, Plaintiff alleges that on March 15, 1998, he was sentenced to 10 years which was suspended with three years of probation.  *Id*.  The following year, Plaintiff was sentenced to serve 16 years for additional crimes.  Plaintiff claims that the Maryland Court of Special Appeals reversed "the decision."  It is unclear which conviction Plaintiff is alleging was overturned.  Plaintiff further alleges that he filed a motion to correct illegal sentence and the same judge gave him the same sentence.  Plaintiff also contends that he is currently incarcerated for a violation of probation and that his detention is illegal.

It can not be discerned from the information provided whether or not all of Plaintiff's criminal convictions were reversed on appeal.   Claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice.  *Heck v. Humphrey*, 512 U. S. 477 (1994).  Plaintiff's claims for damages cannot be entertained by this Court unless he has first successfully challenged his criminal conviction.  The allegation that one of

Plaintiff's convictions has been reversed is not enough to establish that he is currently illegally incarcerated or that his other conviction has been invalidated. Accordingly, Plaintiff will be required to supplement his complaint with information concerning which of his criminal convictions have been overturned on appeal, including the dates of the decisions issued in each case. Plaintiff is forewarned that his failure to supplement his complaint will result in the dismissal of the complaint without further notice from this Court.

    A separate Order follows.

<u>May 26, 2005</u>                      <u>       /s/        </u>
Date                             Alexander Williams, Jr.
                                  United States District Judge